IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| HORSEHEAD HOLDING CORP., et al.,[1] | Case No. 16-10287 (CSS) |
| Debtors. | Jointly Administered |
|  | Re: Docket No. 188 |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
LAZARD FRÈRES & CO. LLC AND LAZARD MIDDLE MARKET LLC
AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION,
EFFECTIVE NUNC PRO TUNC TO THE PETITION DATE, (II) APPROVING
THE TERMS OF THE LAZARD AGREEMENT, (III) WAIVING CERTAIN
TIME-KEEPING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(H),
AND (IV) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h): (I) authorizing the retention and employment of Lazard Frères & Co. LLC ("Lazard Frères") and Lazard Middle Market LLC ("LMM," and, together with Lazard Frères, "Lazard") as investment banker to the Debtors nunc pro tunc to the Petition Date, on the terms set forth in the Lazard Agreement; (II) approving the terms of the Lazard Agreement; (III) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h); and (IV) granting related relief; and the Court having considered the declaration of Andrew Torgove (the "Torgove Declaration") filed in support of the Application; all as more fully set forth in the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Horsehead Holding Corp. (7377); Horsehead Corporation (7346); Horsehead Metal Products, LLC (6504); The International Metals Reclamation Company, LLC (8892); and Zochem Inc. (4475). The Debtors' principal offices are located at 4955 Steubenville Pike, Suite 405, Pittsburgh, Pennsylvania 15205.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to employ and retain Lazard in accordance with the terms and conditions set forth in the Lazard Agreement, as modified herein, effective nunc pro tunc to the Petition Date.

3. The Lazard Agreement, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, the Monthly Fee, the Financing Fee, the Restructuring Fee, the Sale Transaction Fee (each as defined in the Lazard Agreement)

and the Indemnification Letter, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

4. In accordance with the terms set forth in the Application and the Lazard Agreement, the Debtors shall promptly reimburse Lazard for all reasonable expenses incurred by Lazard and the reasonable fees and expenses of outside counsel, if any, retained by Lazard, without the need for such legal counsel to be retained as professionals in these chapter 11 cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(c) of the Bankruptcy Code. Notwithstanding the foregoing, Lazard shall only be reimbursed for any legal fees incurred in connection with these chapter 11 cases to the extent permitted under applicable law and the decisions of this Court

5. Lazard shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; provided, however, that Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Lazard's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

6. The Debtors are authorized to pay Lazard's fees and to reimburse Lazard for its costs and expenses in accordance with, and at the times provided by, the Lazard Agreement, and none of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and

approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its professionals shall be excused from filing time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2, the United States Trustee Fee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records (in summary format) of its services rendered for the Debtors in one-half hour increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to the Court.

8. Notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to Lazard's fees pursuant to the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice the rights of the United States Trustee for the District of Delaware to challenge the reasonableness of Lazard's fees under section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record relating to the Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the United States Trustee for the District of Delaware with respect to the reasonableness of Lazard's fees. Further, nothing in the Engagement Letter shall affect or modify the standard of review applicable to an objection by the Office of the United States Trustee under this paragraph.

9. The provisions set forth in the Indemnification Letter are approved, subject during the pendency of these cases to the following:

KE 40042956.5

a.  subject to the provisions of subparagraphs (b) and (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

b.  notwithstanding subparagraph (a) above or any provisions of the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which Lazard should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

c.  if, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above (i.e., bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification would not be permissible pursuant to the United Artists decision) and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

d.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter, as modified by this Order, including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall

5

have jurisdiction over any request by Lazard for compensation and expenses by Lazard for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. Notwithstanding anything to the contrary in the Application or Engagement Letter, the $500,000,000 Aggregate Consideration threshold in Paragraph 2(e) of the Engagement Letter shall be and hereby is changed to $530,000,000. In addition, to the extent that Aggregate Consideration includes any amounts held in escrow, the portion of any Sale Transaction Fee attributable to such escrowed amounts shall not be paid to Lazard until such escrowed amounts are released to the Debtors' estates and/or their creditors.

12. For the avoidance of doubt, (a) no Amendment Fee shall be due or payable during these chapter 11 cases and (b) no Restructuring Fee shall be due or payable on account of any transaction consummated by a chapter 7 trustee for any of the Debtors. In addition, the calculation supporting any Financing Fee or Sale Transaction Fee due and payable under the Engagement Letter shall be provided to the Official Committee of Unsecured Creditors three (3) business days prior to the payment of any such Financing Fee or Sale Transaction Fee.

13. Notwithstanding anything to the contrary in the Application or Engagement Letter, (a) the percentages in Paragraph 2(b) of the Engagement Letter for calculating any Financing Fee on account of any Second Lien Debt and/or Unsecured Debt from any party in the current capital structure shall be and hereby are changed to 2.0% and (b) the percentage in Paragraph 2(b) of the Engagement Letter for calculating any Financing Fee on account of any Equity from any party in the current capital structure shall be and hereby is changed to 3.0%.

14. Notwithstanding anything to the contrary in the Application or Engagement Letter, the total amount of any and all crediting of any fees payable under and as provided in the Engagement Letter shall be capped at a maximum of $3.5 million of any such fees actually paid to Lazard.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. Notwithstanding anything to the contrary in the Engagement Letter, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 11, 2016
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge