# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HORSEHEAD HOLDING CORP., *et al.*,[1] | ) Case No. 16-10287 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 327 (A) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF KLEHR HARRISON HARVEY BRANZBURG LLP AS COUNSEL FOR THE INDEPENDENT DIRECTOR OF ZOCHEM, INC. EFFECTIVE *NUNC PRO TUNC* TO FEBRUARY 18, 2016**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as counsel to Harvey L. Tepner the independent director (the "Independent Director") of the Debtor Zochem, Inc. effective *nunc pro tunc* to February 18, 2016. In support of this Application, the Debtors submit the declaration of Domenic E. Pacitti, a partner at Klehr Harrison (the "Pacitti Declaration"), which is attached hereto as **Exhibit B** and the declaration of Harvey L. Tepner, the Independent Director of Zochem Inc., which is attached hereto as **Exhibit C** (the "Tepner Declaration"). In further support of this Application, the Debtors respectfully state as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Horsehead Holding Corp. (7377); Horsehead Corporation (7346); Horsehead Metal Products, LLC (6504); The International Metals Reclamation Company, LLC (8892); and Zochem Inc. (4475). The Debtors' principal offices are located at 4955 Steubenville Pike, Suite 405, Pittsburgh, Pennsylvania 15205.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1.

## Background

4. On February 2, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On February 3, 2016, the court entered an order [Docket No. 49] authorizing joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee or examiner in these chapter 11 cases. On February 16, 2016, the United States Trustee for the

District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases are set forth in the *Declaration of James M. Hensler in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 16].

## Relief Requested

6. By this Application, the Debtors seek the entry of the Order authorizing the retention and employment of Klehr Harrison as counsel to the Independent Director in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Klehr Harrison (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to **Exhibit A** and incorporated herein by reference. A separate application has been filed seeking an order authorizing the retention and employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E") as lead bankruptcy counsel to the Debtors.

## Appointment of Harvey L. Tepner as Independent Director & Retention of Klehr Harrison

7. On February 18, 2016, Mr. Tepner was appointed the independent director of Debtor Zochem, Inc. The Independent Director was appointed, among other reasons, to provide independent oversight for Zochem Inc. with respect to post-petition financing, and general bankruptcy and plan related issues that may affect Zochem Inc.

8. On February 18, 2016 Debtor Zochem, Inc. retained Klehr Harrison to serve as counsel to the Independent Director pursuant to an engagement agreement (the "Engagement Agreement") attached hereto as Exhibit 1 to the Pacitti Declaration. The Engagement

Agreement provides that the Debtors will pay Klehr Harrison's fees and expenses incurred in its representation of the Independent Director.

### Appropriateness of Independent Counsel for the Independent Director

9. The Independent Director requires independent counsel to advise and assist him in fulfilling his duties to Zochem Inc. In order for the Independent Director to meet his obligations as a fiduciary, it is essential that the Independent Director's review of matters related to Zochem Inc. be thorough, complete, independent and disinterested. The assistance of counsel will enable the Independent Director to complete his duties in such a manner.

10. The scope of Klehr Harrison's retention will be limited to advising the Independent Director. Klehr Harrison will not represent any other officer or director of the Debtors, nor the Debtors themselves, during the pendency of these chapter 11 cases, nor at any time with respect to any matter in connection with the Debtors' restructuring.

### Klehr Harrison's Qualifications

11. The Independent Director believes that Klehr Harrison is well qualified to represent him in these chapter 11 cases because of Klehr Harrison's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

12. Klehr Harrison has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: *In re Tactical Intermediate Holdings, Inc., et al.*, No. 14-11659 (KG) (Bankr. D. Del. July 8, 2014); *In re Edgenet, Inc., et al.*, No. 14-10066 (BLS) (Bankr. D. Del. Jan. 14, 2014); *In re EWGS Intermediary, LLC, et al.*, No. 13-12876 (MFW) (Bankr. D. Del. Nov. 4, 2013); *In re Life Uniform Holding Corp. et al.*, No. 13-11391 (KJC) (Bankr. D. Del. May 29, 2013); *In re TMP Directional Marketing, LLC, et*

4

*al.*, No. 11-13835 (MFW) (Bankr. D. Del. Dec. 5, 2011); *In re Drug Fair Group, Inc., et al.*, No. 09-10897 (BLS) (Bankr. D. Del. March 18, 2009); *In re Jevic Holding Corp., et al.*, No. 08-11006 (BLS) (Bankr. D. Del. May 20, 2008). [2]

13. In preparing for its representation of the Independent Director in these chapter 11 cases, Klehr Harrison has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these chapter 11 cases. The Independent Director believe that Klehr Harrison is well-qualified to represent the Independent Director in these chapter 11 cases in an efficient and timely manner.

### Services to be Provided

14. The Debtors have requested that Klehr Harrison render certain legal services to the Independent Director only. Klehr Harrison will advise and assist in respect of all the Independent Director's duties. Significantly, Klehr Harrison will advise and assist the Independent Director in conducting an in-depth and rigorous analysis of the facts and issues relating to issues affecting Zochem Inc. in these chapter 11 cases, specifically with respect to post-petition financing. Klehr Harrison will also assist the Independent Director in analyzing the appropriateness of any plan proposed in these chapter 11 cases.

### Professional Compensation

15. Klehr Harrison intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Klehr

---

[2] Because of the voluminous nature of the orders cited in this Application, they are not attached to this Application. Copies of these orders are available upon request to the Independent Director's proposed counsel.

Harrison will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Klehr Harrison uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

16. Klehr Harrison's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Range of Hourly Rates |
|---|---|
| Partners | $360-$700 |
| Counsel | $300-$450 |
| Associates | $230-$425 |
| Paralegals | $150-$300 |

17. Klehr Harrison's hourly rates are set at a level designed to compensate Klehr Harrison fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Moreover, these hourly rates are consistent with the rates that Klehr Harrison charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

18. The rate structure provided by Klehr Harrison is appropriate and not significantly different from (a) the rates that Klehr Harrison charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Klehr Harrison will perform in these chapter 11 cases.

19. Consistent with the Engagement Letter, it is Klehr Harrison's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection

with the client's case that would not have been incurred except for representation of that particular client. It is also Klehr Harrison's policy to charge its clients only the amount actually incurred by Klehr Harrison in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

20. To ensure compliance with all applicable deadlines in these chapter 11 cases, from time to time Klehr Harrison utilizes the services of overtime secretaries. Klehr Harrison charges fees for these services pursuant to the Engagement Letter, which permits Klehr Harrison to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, Klehr Harrison professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

21. Klehr Harrison currently charges the Debtors $0.15 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Rules, Klehr Harrison will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. Klehr Harrison does not charge its clients for incoming facsimile transmissions. Klehr Harrison has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost-effective than using traditional (non-computer-assisted legal research) techniques.

### Compensation Received by Klehr Harrison from the Debtors

22. Per the terms of the Engagement Letter, no retainer was paid to Klehr Harrison. Pursuant to Bankruptcy Rule 2016(b), Klehr Harrison has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than

with the partners, associates, and contract attorneys associated with Klehr Harrison or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtors or the Independent Director did not owe Klehr Harrison any amounts for legal services rendered before the Petition Date since the representation of the Independent Director did not commence until after the Petition Date.

### Klehr Harrison Disinterestedness

23. To the best of the Debtors' knowledge and as disclosed herein and in the Pacitti Declaration, (a) Klehr Harrison is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Klehr Harrison has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Pacitti Declaration.

24. Klehr Harrison will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Klehr Harrison will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Supporting Authority

25. The Debtors seek retention of Klehr Harrison as counsel to the Independent Director pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

26. Section 328(a) provides that a debtor, subject to Court approval, "may employ . . . a professional person . . . on any reasonable terms of employment." Id. § 328(a). Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

27. The Debtors submit that for all the reasons stated above and in the Pacitti Declaration, the retention and employment of Klehr Harrison as counsel to the Independent Director is warranted. Further, as stated in the Pacitti Declaration, Klehr Harrison is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Pacitti Declaration.

## Notice

28. The Debtors will provide notice of this Application to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the official committee of unsecured creditors; (c) the Office of the United States Attorney for the District of Delaware; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) counsel to Macquarie Bank Limited; (g) the indenture

trustee under the Debtors' 10.50% senior secured notes; (h) the indenture trustee under the Debtors' 9.00% senior unsecured notes; (i) the indenture trustee under the Debtors' 3.80% convertible senior notes; (j) Banco Bilbao Vizcaya Argentaria, S.A.; (k) counsel to PNC Bank, National Association; (l) counsel for the lenders under the Debtors' debtor-in-possession financing facility (such facility the "DIP Facility") and the ad hoc group of holders of the Debtors' secured notes; (m) the agent to the DIP Facility; (n) Richter Advisory Group Inc. in its capacity as information officer in the Debtors' foreign recognition proceedings; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

29. No prior request for the relief sought in this Application has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

PHIL1 5241303v.1

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: March 18, 2016  /s/ *Timothy Boates*
      Wilmington, Delaware  Timothy Boates
                                    Horsehead Holdings Corp., *et al*
                                    Chief Restructuring Officer