# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> HORSEHEAD HOLDING CORP., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 16-10287 (CSS) <br><br> (Jointly Administered) <br><br> Hearing Date: June 20, 2016 at 10:00 a.m. (ET) <br> Obj. Deadline: June 13, 2016 at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO EMPLOY AND RETAIN NASTASI PARTNERS AS CO-COUNSEL TO THE COMMITTEE *NUNC PRO TUNC* TO MAY 13, 2016**

The Official Committee of Equity Security Holders (the "**Committee**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") hereby submits this application (the "**Application**") for the entry of an order (the "**Proposed Order**"), substantially in the form annexed hereto as **Exhibit A**, authorizing the Committee to retain and employ Nastasi Partners ("**NP**") as their bankruptcy co-counsel *nunc pro tunc* to May 13, 2016, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). In support of this Application, the Committee respectfully submits as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Horsehead Holding Corp. (7377); Horsehead Corporation (7346); Horsehead Metal Products, LLC (6504); The International Metals Reclamation Company, LLC (8892); and Zochem Inc. (4475). The Debtors' principal offices are located at 4955 Steubenville Pike, Suite 405, Pittsburgh, Pennsylvania 15205.

RLF1 14592710v.1

Committee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

2. On February 2, 2016 (the "**Petition Date**"), each of the above-captioned debtors (the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On May 2, 2016, the Court, upon hearing the *Motion of Guy Spier for the Entry of an Order Appointing an Equity Committee* [Docket No. 334] (the "**Spier Equity Committee Motion**") and the *Motion of Phil Town to Allow the Entry of an Order Appointing an Equity Committee* [Docket No. 335], entered an Order, *inter alia*, appointing an official committee of equity security holders and directing the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") to appoint such committee as soon as reasonably practicable.

4. On May 13, 2016, the U.S. Trustee appointed seven of the Debtors' equity holders to serve as members of the Committee. The Committee is presently comprised of the following members: (a) Legoix Sil/Rolnick Capital Sil; (b) Aquamarine Capital Management LLC ("**Aquamarine**"); (c) Rule One Capital; (d) Cinco Ventures; (e) Paul L. Lavergne; (f) Samuel J. Burrow III; and (g) Gense (George) Hu. Shortly after the formation of the

Committee, the Committee selected NP to serve as its co-counsel with Richards, Layton & Finger, P.A. ("**RL&F**").

## SERVICES TO BE PROVIDED

5. The Committee requires NP to render a variety of legal services during the pendency of these Chapter 11 Cases and to assist the Committee to execute faithfully its statutory duties. Subject to further order of the Court, the Committee requests the employment and retention of NP to render professional services, including, but not limited to:

    (a) advising the Committee of its rights, powers and duties in the Debtors' Chapter 11 Cases;

    (b) assisting and advising the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 Cases;

    (c) assisting the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

    (d) assisting with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the operation of the Debtors' businesses;

    (e) assisting the Committee in its analysis of, and negotiations with, the Debtors or their creditors concerning matters related to, among other things, the terms of any plan or plans of reorganization or liquidation or any section 363 sale;

    (f) preparing on behalf of the Committee any necessary motions, applications, objections, answers, orders, reports and papers in furtherance of the Committee's interests and objectives; and

    (g) performing all other necessary legal services as may be required and are deemed to be in the interests of the Committee in connection with these Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

6. Pursuant to section 1103(a) of the Bankruptcy Code, a committee appointed under section 1102 of the Bankruptcy Code may, with the Court's approval, select one or more attorneys, accountants, or other agents to perform services for such committee. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that the Court

approve the employment of NP as counsel to the Committee in the Chapter 11 Cases *nunc pro tunc* to May 13, 2016.

7. The Committee has selected NP as its co-counsel because of the firm's extensive experience and knowledge in the field of creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code. The Committee believes that NP is both well qualified and able to represent it in these Chapter 11 Cases in a most efficient and timely manner.

8. To that end, NP has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as co-counsel to the Committee.

9. By separate applications, the Committee is also seeking to employ (a) RL&F, as co-counsel to the Committee; and (b) SSG Capital Advisors, LLC, as financial advisor to the Committee. The Committee has discussed a division of responsibilities with these professionals and intends to monitor carefully these and any other retained legal professionals to ensure a clear delineation of their respective duties and roles so as to prevent duplication of effort. The Committee recognizes that efficient coordination of efforts among the Committee's legal professionals, and between such legal professionals and their other professionals, will greatly add to the effective administration of these Chapter 11 Cases.

**PROFESSIONAL COMPENSATION**

10. As required by the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**"), NP responds to the questions set forth in Section D of the UST Guidelines as follows:

(a) NP advised the Committee that its fees will be commensurate with the fees charged to its other clients and fees charged in cases of this size;

(b) None of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case;

(c) NP did not represent the Committee prior to the date of the Committee's formation, except that, as disclosed in the Nastasi Declaration (hereinafter defined), NP represented Aquamarine prior to the formation of the Committee, and such representation was concluded prior to the filing of the Spier Equity Committee Motion; and

(d) NP intends to produce budgets and staffing plans that are agreeable to NP and the Committee as soon as reasonably practicable. The Committee has also been advised that the NP attorneys staffed on this case, subject to modification depending upon further developments, are as set forth below:

| Attorney | Status | Hourly Rate |
|---|---|---|
| Ancela R. Nastasi | Partner | $925 |
| William S. Katchen[2] | Counsel | $895 |
| Marshall E. Tracht | Of Counsel | $650 |
| Moshie Solomon | Of Counsel | $525 |

11. NP intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered by this Court, including the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and Reimbursement of Creditors' Committee Member Expenses, and (II) Granting Related Relief* [Docket No. 415] (the "**Fee Procedure Order**"). The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered by this Court, proposes that NP be paid its customary hourly rates for matters of this nature in effect from time to time as set forth in the Declaration of Ancela R. Nastasi in Support of the Application to Retain and Employ Nastasi Partners as Co-Counsel to the Official Committee of Equity Security Holders Nunc Pro Tunc to May 13, 2016 (the "**Nastasi Declaration**"), a copy of which is attached hereto as **Exhibit**

---

[2] As set forth in the Nastasi Declaration (defined herein), William Katchen is an independent contractor of NP.

**B**, and the Declaration of Guy Spier, Chairman of the Official Committee of Equity Security Holders, in Support of the Application to Retain and Employ Nastasi Partners as Co-Counsel to the Committee Nunc Pro Tunc to May 13, 2016 (the "**Chairman of the Committee Declaration**"), a copy of which is attached hereto as **Exhibit C**. The Committee submits that these rates are reasonable.

12. NP has stated its desire and willingness to act in the Debtors' Chapter 11 Cases and to render the necessary professional services as counsel to the Committee.

### DISINTERESTEDNESS

13. To the best of the Committee's knowledge, information and belief, and except as set forth in the Nastasi Affidavit and/or the Chairman of the Committee Declaration, NP does not hold any interest adverse to the Committee or the Debtors' estates and, while employed by the Committee, will not represent any person having an adverse interest in connection with these cases, and NP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

### BANKRUPTCY RULE 5002

14. As set forth in the Nastasi Affidavit, no partner, counsel, or associate of NP is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to these Chapter 11 Cases or any other employee of the Office of the United States Trustee. Accordingly, the appointment of NP is not prohibited by Bankruptcy Rule 5002.

### NO PRIOR REQUEST

15. No prior request for the relief sought in this Application has been made to this or any other court.

**NOTICE**

16. Notice of this Application has been given to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) the Debtors' prepetition and postpetition lenders; (d) counsel to the Official Committee of Unsecured Creditors, and (e) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is required.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Application, (ii) authorizing the Committee to retain and employ NP as co-counsel to the Committee, *nunc pro tunc* to May 13, 2016, and (iii) granting such other and further relief the Court deems just and proper.

Dated: May 31, 2016

THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF HORSEHEAD HOLDING CORP., et al.

By   */s/ Guy Spier*
   Guy Spier, CEO
   Aquamarine Capital Management LLC

   *Chairman of the Official Committee of Unsecured Creditors of Horsehead Holding Corp., et al.*