# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HORSEHEAD HOLDING CORP., et al.,[1] | ) Case No. 16-10287 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re: Docket No. 1573** |

## SECOND ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a second order (this "Order"): (i) extending the Debtors' Filing Exclusivity Period through and including November 28, 2016, and the Debtors' Soliciting Exclusivity Period through and including January 27, 2017, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (ii) granting related relief; all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court having found that it may enter a final order consistent

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Horsehead Holding Corp. (7377); Horsehead Corporation (7346); Horsehead Metal Products, LLC (6504); The International Metals Reclamation Company, LLC (8892); and Zochem Inc. (4475). The Debtors' principal offices are located at 4955 Steubenville Pike, Suite 405, Pittsburgh, Pennsylvania 15205.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the *Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* filed on July 15, 2016 [Docket No. 1309] (as the same may be amended from time to time in accordance with its terms, the "Plan").

with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion, as modified by the Order, is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including November 28, 2016.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including January 27, 2017.

4. Notwithstanding anything to the contrary in the UPA, the Debtors are authorized and directed on a commercially reasonable basis to promptly respond to, and engage with, any party (each, an "Interested Party") that expresses or has expressed an indication of interest to acquire some, all, or substantially all of the Debtors' assets and/or to fund a plan of reorganization (an "Indication of Interest"), including any such party directed to the Debtors by

the Equity Committee or its professionals, including by: (a) subject to entry into a customary non-disclosure agreement, providing access to the Debtors' data room, other appropriate information, the Debtors' facilities or such other reasonable access to allow such party to conduct due diligence, and (b) actively engaging and/or negotiating with such party to develop the terms of such interest to enable such a party to submit a binding proposal. The Debtors are also authorized and directed to provide professionals engaged by the Equity Committee, the Creditors' Committee, and the Ad Hoc Group of Secured Noteholders with full transparency regarding all substantive developments, reasonably construed, relating to Indications of Interest, including, but not limited to, by (a) promptly disclosing to the Equity Committee's financial adviser, SSG, and the Creditors' Committee's financial advisor, FTI, and the Ad Hoc Group of Secured Noteholders' financial advisor, Moelis, the names of all Interested Parties who contact the Debtors and/or who are contacted by the Debtors, other than Interested Parties previously identified in writing by the Equity Committee to the Debtors, and (b) regularly (and in any event no less than twice weekly) updating SSG, FTI, and Moelis on all substantive communications (whether oral or written), reasonably construed, regarding non-disclosure agreements, the status of due diligence (including requests from Interested Parties and responses to such requests), and the negotiation of proposals; provided that the Debtors shall advise Interested Parties that they are authorized to discuss any and all issues regarding due diligence and the development of proposals with SSG and/or FTI and the other professionals retained by the Equity Committee and/or the Creditors' Committee, respectively, on a "professional's only" basis without the participation of the Debtors or their professionals; provided further that the Creditors' Committee and the Equity Committee may disclose information provided by the Debtors and/or Interested

Parties pursuant to this Paragraph 4 to their respective members, in each case subject to such members' fiduciary duties and obligations of confidentiality.

5. Entry of this Order is without prejudice to the rights of any party in interest to seek entry of an order terminating the Exclusivity Periods by motion filed with the Court; provided that, (x) the rights of any party in interest to oppose such a motion are fully preserved and (y) the Debtors shall not oppose any request by the Equity Committee to shorten notice with respect to a motion by the Equity Committee to terminate the Exclusivity Periods.

6. Nothing herein shall prejudice (a) the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code, or (b) the rights of any party in interest to object to any further extension requests.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: 10/14, 2016
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge