# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> HORSEHEAD HOLDING CORP., et al.,[1] <br><br> Reorganized Debtors. | Chapter 11 <br><br> Case No. 16-10287 (CSS) <br> Hearing Date: To Be Determined <br> Objection Deadline: November 18, 2016 at 4:00 p.m. |

## SUMMARY COVER SHEET OF EIGHTH MONTHLY AND FINAL APPLICATION OF LAZARD FRÈRES AND CO. LLC AND LAZARD MIDDLE MARKET LLC, AS INVESTMENT BANKER TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD FROM SEPTEMBER 1, 2016 TO AND INCLUDING SEPTEMBER 30, 2016 AND THE FINAL PERIOD FROM FEBRUARY 2, 2016 TO AND INCLUDING SEPTEMBER 30, 2016

| | |
|---|---|
| Name of applicant: | Lazard Frères & Co. LLC and Lazard Middle Market LLC |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Date of retention: | February 2, 2016 |
| Monthly period for which compensation and reimbursement is requested: | September 1, 2016 – September 30, 2016 |
| Amount of monthly compensation requested: | $4,925,000.00[2] |
| Amount of monthly expense reimbursement requested: | $10,680.28 |
| Final period for which compensation and reimbursement is requested: | February 2, 2016 – September 30, 2016 |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Horsehead Holding Corp. (7377); Horsehead Corporation (7346); Horsehead Metal Products, LLC (6504); The International Metals Reclamation Company, LLC (8892); and Zochem Inc. (4475). The Reorganized Debtors' principal offices are located at 4955 Steubenville Pike, Suite 405, Pittsburgh, Pennsylvania 15205.

[2] A detailed calculation of the total monthly compensation requested is set forth on Exhibit B to the attached Application.

| | |
|---|---|
| Amount of final compensation requested: | $7,025,000.00 |
| Amount of final expense reimbursement requested: | $108,168.01 |
| Total amount paid to date: | ($1,777,487.73) |
| Net amount of compensation and expenses requested: | $5,355,680.28 |

This is a(n)   X   monthly  _____  interim   X   final application

# EIGHTH MONTHLY AND FINAL FEE APPLICATION OF LAZARD FRÈRES AND CO. LLC AND LAZARD MIDDLE MARKET LLC
## FEBRUARY 2, 2016 – SEPTEMBER 30, 2016

## SUMMARY OF FEES EARNED AND EXPENSES INCURRED

| Date & Docket No. | Period Covered | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Amounts Paid | Balance Due |
|---|---|---|---|---|---|---|---|---|
| 4/29/16 [D.I. 853] | 2/2/16 - 2/29/16 | $1,350,000.00 | $6,657.73 | 5/24/16 [D.I. 964] | $1,080,000.00 | $6,657.73 | $1,086,657.73 | $270,0000.00 |
| 5/17/16 [D.I. 927] | March 2016 | $125,000.00 | $4,485.36 | 6/09/16 [D.I. 1041] | $100,000.00 | $4,485.36 | $104,485.36 | $25,000.00 |
| 6/20/16 [D.I. 1135] | April 2016 | $125,000.00 | $19,688.67 | 7/14/16 [D.I. 1296] | $100,000.00 | $19,688.67 | $119,688.67 | $25,000.00 |
| 09/09/16 [D.I. 1703] | May 2016 | $125,000.00 | $9,265.08 | 10/03/16 [D.I. 1790] | $100,000.00 | $9,265.08 | $109,265.08 | $25,000.00 |
| 09/09/16 [D.I. 1704] | June 2016 | $125,000.00 | $2,630.56 | 10/03/16 [D.I. 1791] | $100,000.00 | $2,630.56 | $102,630.56 | $25,000.00 |
| 09/13/16 [D.I. 1720] | July 2016 | $125,000.00 | $7,837.82 | 10/25/16 [D.I. 1868] | $100,000.00 | $7,837.82 | $107,837.82 | $25,000.00 |
| 09/26/16 [D.I. 1764] | August 2016 | $125,000.00 | $46,922.51 | 10/25/16 [D.I. 1869] | $100,000.00 | $46,922.51 | $146,922.51 | $25,000.00 |
| Current[3] | September 2016 | $4,925,000.00 | $10,680.28 | N/A | N/A | N/A | $0.00 | $4,935,680.28 |
| **TOTAL** | **2/2/16 – 9/30/16** | **$7,025,000.00** | **$108,168.01** | **N/A** | **$1,680,000.00** | **$97,487.73** | **$1,777,487.73** | **$5,355,680.28** |

---

[3] Lazard's total compensation for September 2016 is comprised of (i) one Monthly Fee in the amount of $125,000, (ii) the Restructuring Fee in the amount of $3,500,000 and (iii) a Financing Fee in the amount of $4,800,000. The foregoing Restructuring Fee has been reduced by crediting, in the aggregate amount of $3,500,000, in accordance with paragraph 14 of the Retention Order.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HORSEHEAD HOLDING CORP., et al.,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10287 (CSS) |

**EIGHTH MONTHLY AND FINAL APPLICATION OF LAZARD FRÈRES AND CO. LLC AND LAZARD MIDDLE MARKET LLC, AS INVESTMENT BANKER TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD FROM SEPTEMBER 1, 2016 TO AND INCLUDING SEPTEMBER 30, 2016 AND THE FINAL PERIOD FROM FEBRUARY 2, 2016 TO AND INCLUDING SEPTEMBER 30, 2016**

Lazard Frères and Co. LLC ("Lazard Frères") and Lazard Middle Market LLC ("LMM" and, together with Lazard Frères, "Lazard"), as investment banker to the Horsehead Holding Corp. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby submits this eighth monthly and final fee application (this "Application") pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and Reimbursement for Creditors' Committee Member Expenses, and (II) Granting Related Relief* [D.I. 415] (the "Interim Compensation Order"), for entry of an order, substantially in the form attached hereto as Exhibit C (the "Proposed Order") (a) granting

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Horsehead Holding Corp. (7377); Horsehead Corporation (7346); Horsehead Metal Products, LLC (6504); The International Metals Reclamation Company, LLC (8892); and Zochem Inc. (4475). The Reorganized Debtors' principal offices are located at 4955 Steubenville Pike, Suite 405, Pittsburgh, Pennsylvania 15205.

final approval and allowance of (i) compensation for professional services rendered by Lazard during the period from February 2, 2016 to and including September 30, 2016 (the "Final Compensation Period") in the aggregate amount of $7,025,000.00, including compensation for the period from September 1, 2016 to and including September 30, 2016 (the "Monthly Compensation Period") in the amount of $4,925,000.00, and (ii) reimbursement of actual and necessary expenses incurred during the Final Compensation Period in the aggregate amount of $108,168.01, including reimbursement of expenses for the Monthly Compensation Period in the amount of $10,680.28, and (b) authorizing and directing the Debtors to pay all of the foregoing amounts to Lazard, less all amounts previously paid on account of such fees and expenses.  In support of this Application, Lazard respectfully states as follows:

## BACKGROUND

1. On February 2, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On February 23, 2016, the Debtors filed the application to retain Lazard as their investment banker, effective *nunc pro tunc* to the Petition Date [D.I. 188] (the "Retention Application").  On March 11, 2016, the Court entered the order approving Lazard's retention [D.I. 282] (the "Retention Order") pursuant to the terms and conditions of that certain engagement letter dated December 3, 2015 by and between LMM and Horsehead Holding Corp. and each of its subsidiaries (the "Engagement Letter").[2]  A copy of the Engagement Letter was filed as Exhibit 1 to Exhibit A to the Retention Application.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

3. On April 5, 2016, the Court entered the Interim Compensation Order. The Interim Compensation Order provides, in pertinent part, that each retained professional may file a monthly application for interim allowance of its fees and expenses. If no objection is filed within 21 days of the filing of a monthly fee application, the Debtors are authorized and directed to pay the retained professional 80% of the fees and 100% of the expenses requested in the applicable monthly fee application.

4. On September 9, 2016, the Court entered an order confirming the *Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 1695] (the "Plan"). The effective date of the Plan occurred on September 30, 2016 (the "Effective Date"). Under the Plan, all professionals, including Lazard, are required to file their final fee applications within 60 days after the Effective Date. Plan § II.B.1.

## TERMS OF LAZARD'S RETENTION

5. The Retention Order approved the payment of certain fees to Lazard, as set forth in detail in the Retention Application, the Engagement Letter and the Retention Order. Specifically, Lazard's fees are as follows:

- **Monthly Fee**. A monthly fee of $125,000 (the "Monthly Fee"), payable on execution of the Engagement Letter and on the 1st day of each month thereafter until the earlier of the completion of the Restructuring, Financing, Sale, or Amendment or the termination of Lazard's engagement pursuant to Section 10 of the Engagement Letter. Fifty percent (50%) of Monthly Fees paid in respect of any months following the third month of Lazard's engagement shall be credited (without duplication) against any Restructuring Fee or Sale Transaction Fee payable; provided, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that such fees are approved in entirety by the Court, if applicable.

- **Financing Fee**. A fee, payable upon consummation of a Financing (the "Financing Fee") calculated by multiplying the applicable fee percentage below by the total gross proceeds raised or committed (including, for the avoidance of doubt, amounts committed but undrawn) in each Financing:

| Funds Raised | Fee % |
|---|---|
| First Lien Debt | 1.50% |
| Second Lien Debt | 2.00% |
| Unsecured Debt | 2.00% |
| Equity (other than Stifel Developed Equity Sales[3]) | 3.00% |

In the case of any Stifel Developed Equity Sale, if such sale is not made in conjunction with a Restructuring, Lazard will be paid a Financing Fee equal to 2.00% of the gross proceeds raised or committed (any Stifel Developed Equity Sales that are made in conjunction with a Restructuring shall be subject to the fee set forth in the percentages set forth immediately above this paragraph).

Fifty percent (50%) of any Financing Fee shall be credited (without duplication) against any subsequent Restructuring Fee or Sale Transaction Fee payable to Lazard.

- **Restructuring Fee**.  A fee equal to $3,500,000 (the "Restructuring Fee") upon the consummation of a Restructuring.

The Retention Order further provides that, notwithstanding anything to the contrary in the Retention Application or the Engagement Letter, the total amount of any and all crediting of any fees payable under and as provided in the Engagement Letter shall be capped at a maximum of $3.5 million of any such fees actually paid to Lazard.

6. In addition to the compensation payable to Lazard, the Engagement Letter and Retention Order provide that the Debtors shall reimburse Lazard for all reasonable expenses incurred by Lazard and the reasonable fees and expenses of outside counsel retained by Lazard.

## SUMMARY OF SERVICES

7. All services for which Lazard requests compensation were performed on behalf of the Debtors. During the Final Compensation Period (including the Monthly Compensation

---

[3] "Stifel Developed Equity" means any issuance of convertible preferred stock or similar other convertible equity securities (including convertible notes, attached or detachable grants of warrants, options) for cash to purchasers that are identified by the Debtors to both LMM and Stifel, Nicholas & Co. as being potential investors that Stifel, Nicholas & Co. should approach and with which Stifel, Nicholas & Co. should negotiate a purchase of such securities.

Period), Lazard performed significant services on behalf of the Debtors, including, but not limited to, the following:

   a) *Assistance with General Bankruptcy* – Lazard has participated in weekly, if not daily, planning sessions and other periodic meetings and calls with the Debtors and their legal counsel concerning process and strategy issues related to the Debtors' chapter 11 cases. Lazard participated in numerous meetings with the Debtors' management and other advisors and presented materials regarding bankruptcy processes and strategic issues. Lazard professionals also worked with the Debtors to prepare numerous court filings and attended court hearings. In addition, Lazard has participated in discussions with various creditors and parties-in-interest to keep them informed about the Debtors' operations, financial projections, capital structure and other key events.

   b) *Meetings and Oversight of Diligence with Creditors and Shareholders* – Lazard prepared, reviewed, advised and assisted in the preparation of presentation materials for the Debtors' creditors, shareholders and their advisors and maintained a comprehensive electronic dataroom. Lazard engaged in nearly daily conversations with multiple creditors, shareholders and their advisors. In addition, Lazard attended multiple in-person meetings with creditors and shareholders.

   c) *Financial Analysis* – Lazard professionals assisted the Debtors' management in preparing various presentations and analyses related to the Debtors' financial projections and cash flow forecasts.

   d) *Valuation Analysis* – Lazard prepared and updated, with the debtors' assistance, an analysis regarding the enterprise value of the reorganized Debtors. Valuation analysis included, (i) discounted cash flow analysis, (ii) identification and review of public comparable peers, and (iii) identification and review of publically announced precedent transactions, amongst other things.

   e) *Expert Report* — At the Debtors' request, Lazard's investment bankers undertook to prepare an expert report in support of the Debtors' plan of reorganization (the "Expert Report"). The Expert Report required additional research and analysis in supplement to prior valuation work performed by Lazard. In addition, Lazard prepared a rebuttal report to the Equity Committee valuation analysis for confirmation.

   f) *Valuation Litigation* — Lazard's professionals invested significant time supporting the Debtors' disputed plan confirmation. Lazard prepared for depositions of both its expert and the Equity Committee's, which required detailed document review and further financial analysis. In anticipation of

    court testimony, Lazard prepared significant additional analyses and demonstratives to prove the Debtors' case. Throughout the contested confirmation process, Lazard assisted Debtors' counsel with fact development in depositions, court testimony, and pleadings.

g) *Discussions and Negotiations with Creditors, the Equity Committee and their Advisors* – Lazard has participated in discussions with the Debtors' creditors and other stakeholders, including the Unsecured Creditors Committee, the DIP Lenders, the ad hoc Senior Secured Bondholder group, the Equity Committee and their advisors, to keep them informed about the Debtors' operations, capital structure, sale process and other key events. Lazard participated in numerous conversations related to plan process and due diligence. Lazard spent extensive time negotiating with the Debtors' creditors several agreements and amendments to documents, including the agreement between the Unsecured Creditors Committee and the ad hoc bondholder group on the overall transaction and distributions at emergence and the unit purchase agreement. To support these discussions and negotiations, Lazard prepared, reviewed, advised and assisted in the preparation of presentation materials for the Debtors' creditors and their advisors.

h) *Exit Financing* - Lazard assisted in the structuring and negotiation of new equity financing through the Unit Purchase Agreement which provided for $160 million of new equity proceeds to fund the emergence from bankruptcy and the option, subject to board approval, of an additional $100 million of new equity to be used for the completion of Mooresboro. In addition Lazard assisted the Debtors' in there ongoing pursuit of an asset based loan financing.

i) *Marketing of Debtors' Assets* – Lazard advised on the marketing of Debtors' assets. Lazard facilitated the due diligence process for interested parties by coordinating the negotiation and execution of non-disclosure agreements, providing access to the electronic data room, participating on due diligence calls, in-person due diligence meetings and facility visits with potential buyers and management as well as populating the electronic data room with additional diligence materials throughout the sale process.

## **RELIEF REQUESTED**

    8. By this Application, Lazard requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit C, (a) granting final approval and allowance of (i) compensation for professional services rendered by Lazard during the Final Compensation Period in the aggregate amount of $7,025,000.00, including compensation for the Monthly Compensation

Period in the amount of $4,925,000.00, and (ii) reimbursement of actual and necessary expenses incurred during the Final Compensation Period in the aggregate amount of $108,168.01, including reimbursement of expenses for the Monthly Compensation Period in the amount of $10,680.28, and (b) authorizing and directing the Debtors to pay all of the foregoing amounts to Lazard, less all amounts previously paid on account of such fees and expenses.

9. Lazard is entitled to various fees as set forth in the Retention Application and the Engagement Letter, as modified by the Retention Order.  First, Lazard is entitled to be paid a Monthly Fee of $125,000 per month during the term of its engagement, for a total of $875,000 during the Final Compensation Period.  Second, Lazard is entitled to be paid Financing Fees in the following amounts: (a) 1.5% of the gross proceeds of the Debtors' $90.0 million debtor-in-possession financing ($1,350,000); and (b) 3.0% of the $160.0 million of aggregate gross proceeds of Equity from any party in the current capital structure of the Debtors ($4,800,000). Third, Lazard is entitled to be paid a Restructuring Fee in the amount of $3,500,000, which is reduced by the crediting of (x) 50% of Monthly Fees paid in respect of March through September 2016 ($437,500) and (y) 50% of Financing Fees ($3,075,000).  The total crediting is capped at $3,500,000 in accordance with paragraph 14 of the Retention Order.  A summary of the compensation earned by Lazard in connection with these chapter 11 cases is set forth below, and a detailed calculation of such compensation is attached hereto as Exhibit B.

| | |
|---|---|
| Monthly Fees | $875,000.00 |
| Financing Fees | $6,150,000.00 |
| Restructuring Fee | $3,500,000.00 |
| (Less Crediting) | ($3,500,000.00) |
| **TOTAL** | **$7,025,000.00** |

10. Attached hereto as Exhibit A is a schedule listing all Lazard professionals who performed services on behalf of the Debtors during the Final Compensation Period, the

capacities in which Lazard employees each professional and the aggregate number of hours expended by each professional on behalf of the Debtors during the Final Compensation Period, including the Monthly Compensation Period. Also attached as <u>Exhibit A</u> is a summary, by project category, of the time spent by Lazard professionals during the Final Compensation Period rendering services on behalf of the Debtors.

11. Although Lazard, in accordance with market convention, does not bill by the hour, Lazard kept track of its post-petition time during the Final Compensation Period in one-half hour increments in accordance with the Retention Order. Lazard professionals spent approximately 4,181 hours during the Final Compensation Period, including approximately 94.5 hours during the Monthly Compensation Period, rendering services on behalf of the Debtors. Lazard's time records for the Monthly Compensation Period are attached hereto as <u>Exhibit A</u>.[4]

12. The fees charged by Lazard during the Final Compensation Period have been billed in accordance with the Retention Application, the Engagement Letter and the Retention Order and are comparable to the fees charged by Lazard for professional services rendered in similar bankruptcy and non-bankruptcy related matters. Lazard submits that such fees are reasonable based upon the customary compensation charged by similarly skilled investment bankers in comparable bankruptcy cases and non-bankruptcy transactions.

13. There is no agreement or understanding between Lazard and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered on behalf of the Debtors.

14. In addition to the compensation earned by Lazard during the Final Compensation Period, Lazard also incurred certain necessary expenses during the Final Compensation Period

---

[4] Time records from prior interim compensation periods were filed as exhibits to Lazard's prior monthly fee applications and are incorporated herein by reference.

for which it is entitled to reimbursement under the Engagement Letter. Lazard's total expenses for the Final Compensation Period are $108,168.01, including expenses incurred during the Monthly Compensation Period in the amount of $10,680.28. Detailed descriptions of the expenses incurred during the Monthly Compensation Period are set forth in greater detail on the attached Exhibit B.

## CERTIFICATION OF COMPLIANCE

15. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, Lazard requests entry of the Proposed Order (a) granting final approval and allowance of (i) compensation for professional services rendered by Lazard during the Final Compensation Period in the aggregate amount of $7,025,000.00, including compensation for the Monthly Compensation Period in the amount of $4,925,000.00 and (ii) reimbursement of actual and necessary expenses incurred during the Final Compensation Period in the aggregate amount of $108,168.01, including reimbursement of expenses for the Monthly Compensation Period in the amount of $10,680.28, and (b) authorizing and directing the Debtors to pay all of the foregoing amounts to Lazard, less all amounts previously paid on account of such fees and expenses, for a total award of $7,133,168.01.

Dated:     October 28, 2016
           New York, New York

Lazard Middle Market LLC,

*/s/ Andrew Torgove*

Andrew Torgove
Managing Director
Lazard Middle Market LLC
30 Rockefeller Plaza, 61st Floor
New York, NY  10020
(212/632-6000)