# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN ZINC RECYCLING LLC (F/K/A HORSEHEAD HOLDING CORP.), | Case No. 16-10287 (CSS) |
| | **Related to Docket No. 2324, 2333** |
| Reorganized Debtor. | |
| In re: | Chapter 11 |
| ZOCHEM INC., | Case No. 16-10291 (CSS) |
| Reorganized Debtor. | |

### ORDER (I) DETERMINING THAT THE REORGANIZED DEBTORS ARE NOT REQUIRED TO MAKE DISTRIBUTIONS ON CLAIMS FOR WHICH INADEQUATE TAX INFORMATION HAS BEEN PROVIDED AND DISALLOWING SUCH CLAIMS; (II) APPLYING CERTAIN PLAN PROVISIONS TO UNCASHED DISTRIBUTION CHECKS; (III) ISSUING A FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES; AND (IV) AMENDING THE JOINT ADMINISTRATION <u>ORDER AND CASE CAPTION</u>

Upon consideration of the *Motion of Reorganized Debtors for Entry of an Order (I) Determining that the Reorganized Debtors are Not Required to Make Distributions on Claims for Which Inadequate Tax Information has Been Provided and Disallowing Such Claims; (II) Applying Certain Plan Provisions to Uncashed Distribution Checks; (III) Issuing a Final Decree Closing Certain Chapter 11 Cases; and (IV) Amending the Joint Administration Order and Case Caption* (the "<u>Motion</u>")[1]; and the Court having considered the Motion, all related pleadings and documents, and the record established in the Chapter 11 Cases; and the Court having found that due and proper notice and service of the Motion has been given, that no other further notice or

---

[1] Capitalized terms used but undefined herein shall have the meanings ascribed to them in the Motion.

{01256636;v2 }

service of the Motion need be given, that the relief sought in the Motion is in the best interest of the Reorganized Debtors, and is appropriate under applicable law and necessary to effectuate the purposes of the Plan, and that good and sufficient cause exists for granting the relief set forth herein, it is hereby ORDERED that:

1.  The relief sought by the Motion is **GRANTED** as set forth herein.

2.  The Disbursing Agent shall make three direct attempts (via mail and/or telephone or electronic mail) in an effort to obtain all necessary tax withholding and reporting information from Holders of Allowed Claims. After the third attempt, the Reorganized Debtors shall file and serve a Notice (the "No Tax Information Notice") on all Holders of Allowed Claims who have failed to provide the necessary tax withholding and reporting information to the Disbursing Agent. The No Tax Information Notice shall (i) set forth those claimants holding Allowed Claims that have failed to provide to the Disbursing Agent the necessary tax withholding and reporting information; (ii) provide such Holders fourteen (14) days after service to provide such information to the Disbursing Agent; and (iii) notify such Holders that their respective claims will be disallowed if such information is not timely provided.

3.  If a Holder of an Allowed Claim fails to timely provide the necessary tax withholding and reporting information to the Disbursing Agent following the expiration of the fourteen day response period to the No Tax Information Notice, (i) no other or further payments or distributions, or attempts to make any further payments or distributions, are required to be made by the Reorganized Debtors and their estates (including, without limitation, the Disbursing Agent) on account of such Holder's Claim; (ii) such Holder's Allowed Claim will be automatically disallowed in its entirety; (iii) such Holder will be forever barred and enjoined from seeking payment on account of its Claim from the Reorganized Debtors; and (iv)

distributions on account of the such Holder's Allowed Claim shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and immediately and automatically revert to the General Unsecured Creditor Cash Pool without the need for a further order by the Bankruptcy Court.

4. Article VI, Section F.4 of the Plan applies to Uncashed Distribution Checks such that any Uncashed Distribution Check shall be deemed "undeliverable" and, thus, unclaimed property at the expiration of six months after the date of the applicable Uncashed Distribution Check. After such date, all unclaimed property or interests in the Uncashed Distribution Check reverts to the Reorganized Debtors automatically and without the need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial, or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any Holder to such property or interest shall be discharged and forever barred.

5. The following Administered Cases are hereby closed and a final decree is granted effective as of the date hereof: (i) American Zinc Recycling LLC (f/k/a Horsehead Holding Corp.), Case No. 16-10287 (CSS); and (ii) Zochem Inc., Case No. 16-10291 (CSS).

6. The Joint Administration Order is hereby amended to reflect that the Surviving Cases shall henceforth be maintained under the file and docket for American Zinc Recycling Corp. (f/k/a Horsehead Corporation), Case No. 16-10288 (CSS).

7. All pleadings and other papers in the Surviving Cases shall be filed in Case No. 16-10288 (CSS) using the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |

{01256636;v2 }

| | | |
|---|---|---|
| AMERICAN ZINC RECYCLING CORP (F/K/A HORSEHEAD CORPORATION), et al.,[2] | ) ) ) ) ) ) ) | Case No. 16-10288 (CSS) <br><br> (Jointly Administered) |
| Reorganized Debtors. | | |

8.      Horsehead Holding and Zochem shall (i) if not already filed, file a final post-confirmation operating report within thirty days after the entry of this Order and (ii) to the extent not already paid, pay the fees that have accrued as of the date hereof for the Administered Cases that are required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930 as soon as reasonably practicable after the date of entry of this Order.

9.      Pursuant to Local Rule 2002-1(f)(ix), within thirty days of entry of this Order, the Disbursing Agent shall (a) forward to the Clerk of the Court an electronic version of all imaged claims in the Administered Cases, (b) upload the creditor mailing list for the Administered Cases into CM/ECF, and (c) docket a final claims register for the Administered Cases. The Disbursing Agent shall also box and deliver all original claims of the Administered Cases to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

10.     Should the Disbursing Agent receive any mail regarding the Administered Cases after entry of this Order, the Disbursing Agent shall collect and forward such mail no less frequently than monthly to the Reorganized Debtor at such address as provided by the Reorganized Debtor.

---

[2] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: American Zinc Recycling Corp. (f/k/a Horsehead Corporation) (7346); American Zinc Products LLC (f/k/a Horsehead Metal Products, LLC) (6504); and The International Metals Reclamation Company, LLC (8892). The Reorganized Debtors' principal offices are located at 4955 Steubenville Pike, Suite 405, Pittsburgh, Pennsylvania 15205.

{01256636;v2 }

11. Notwithstanding the entry of this Order, the Surviving Cases as set forth as follows shall remain open: (i) American Zinc Recycling Corp. (f/k/a Horsehead Corporation), Case No. 16-10288 (CSS); (ii) American Zinc Products LLC (f/k/a Horsehead Metal Products, LLC), Case No. 16-10289 (CSS); and (iii) The International Metals Reclamation Company, LLC, Case No. 16-10290 (CSS).

12. A docket entry shall be made in each of the Administered Cases that reflects entry of this Order.

13. The Disbursing Agent is authorized to make any and all changes to the claims register to reflect the relief granted in this Order.

14. The Reorganized Debtors are authorized to take all actions necessary or appropriate to give effect to this Order.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

16. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: November 9, 2017
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

{01256636;v2}